**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                          No. 98-4644

WILLIAM ABEL YATES,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                          No. 98-4726

DEMETRIUS SCOTT LLOYD,
Defendant-Appellant.

Appeals from the United States District Court
for the Middle District of North Carolina, at Durham.
Frank W. Bullock, Jr., Chief District Judge.
(CR-98-95)

Submitted: June 22, 1999

Decided: August 3, 1999

Before WILKINS, LUTTIG, and WILLIAMS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

James D. Williams, Jr., LAW OFFICES OF JAMES D. WILLIAMS,
JR., P.A., Durham, North Carolina; Walter T. Johnson, Jr., Greens-

boro, North Carolina, for Appellants. Walter C. Holton, Jr., United States Attorney, L. Patrick Auld, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

William Yates, Jr. and Demetrius Lloyd challenge their jury convictions and sentences for possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1) (1994). Finding no merit in the appellants' contentions, we affirm.

The court did not plainly err by admitting the voice identification testimony of Officer Sole. See Fed. R. Crim. P. 52(b); Manson v. Brathwaite, 432 U.S. 98, 114 (1977); United States v. Wilkinson, 137 F.3d 214, 223 (4th Cir.), cert. denied, 119 S.Ct. 172 (1998); United States v. Robinson, 707 F.2d 811, 814 (4th Cir. 1983). The court did not err in denying Yates' motions for judgment of acquittal. See Glasser v. United States, 315 U.S. 60, 80 (1942); United States v. Romer, 148 F.3d 359, 364 (4th Cir. 1998), cert. denied, 119 S.Ct. 1032 (1999); United States v. Burgos, 94 F.3d 849, 862 (4th Cir. 1996) (en banc). The court did not clearly err by instructing the jury on the doctrine of aiding and abetting. See 18 U.S.C. § 2 (1994); Fed. R. Crim. P. 30; Ross v. Saint Augustine's College, 103 F.3d 338, 344 (4th Cir. 1996); Wells v. Murray, 831 F.2d 468, 477 (4th Cir. 1987); United States v. Arrington, 719 F.2d 701, 705 (4th Cir. 1983). Finally, Yates' arguments that the sentencing disparity between cocaine base (crack) and powder cocaine is unconstitutionally discriminatory and a violation of the Equal Protection Clause are without merit. See United States v. Fisher, 58 F.3d 96, 99-100 (4th Cir. 1995); United States v. D'Anjou, 16 F.3d 604, 612 (4th Cir. 1994).

2

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3